Eastern District of Kentucky
FILED
JAN - 3 2007
At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 06-18-HRW

PATRICIA THORNSBURY,                              PLAINTIFF,

v.                    MEMORANDUM OPINION AND ORDER

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits, on March 3, 2000, alleging disability beginning on July 1, 1998, due to diabetes, high blood pressure, headaches,

1

anxiety, depression and a sleeping disorder (Tr. 93).

An unfavorable decision was issued on September 10, 2002, which was affirmed by the Appeals council on November 25, 2002. Claimant appealed to the United District Court for the Eastern District of Kentucky. By Order entered on February 27, 2004, Judge G. Wix Unthank remanded the matter for further proceedings (Tr. 430-442). Additional evidence was also submitted.

On November 9, 2004, Administrative Law Judge Andrew Chwalibog ("ALJ") convened a hearing wherein Plaintiff, accompanied by counsel, testified. At the hearing, Gina Baldwin, a vocational expert ("VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

2

>Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

>Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On July 7, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 416-422).

Plaintiff was 49 years old at the time of the ALJ's decision. She has a high school education and two years of college (Tr. 559). Her past relevant work experience consists of employment as a transporter, warehouse associate, sever and laundromat attendant (Tr. 120).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 421). The ALJ then determined, at Step 2, that Plaintiff suffered from panic disorder and borderline intellectual functioning, which he found to be "severe" within the meaning of the Regulations (Tr. 421). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 421). In doing so, the ALJ specifically considered listing 12.06 (Tr. 418). The ALJ further found that Plaintiff could perform her past relevant

3

work as a warehouse associate and was, this, not disabled (Tr. 421).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that

would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir. 1997).

Plaintiff's only substantive challenges to the Commissioner's decision, while vague and difficult to discern, seem to be that the ALJ did not comply with the remand Order and ignored evidence submitted by the Veterans Administration ("VA").

Judge Unthank remanded this case for clarification of which portions of the record were reviewed by a non-examining expert, Dr. Richard Cohen. In the prior decision, Dr. Cohen's opinion was given great weight by the ALJ. However, in the current decision, the ALJ specifically states that the evidence submitted after the remand renders Dr. Cohen's less relevant (Tr. 416). This evidence consists of updated treatments notes from the VA (Tr. 452-519, 531-552) as well as a consultative evaluation performed by Lori A Smith-Ward, M.A. and Andrea D. Evans, Psy. D. dated August 4, 2004 (Tr. 520-529). From the decision, it is apparent that the ALJ was no longer relying exclusively upon the opinion of Dr. Cohen in favor of other evidence. Having reviewed the record, the Court finds that the ALJ did not ignore the dictates of remand.

5

As for Plaintiff's contention that the ALJ ignored evidence submitted by the VA, it is without merit. As noted above, the ALJ specifically referred to this evidence in his decision, noting that the records reflect infrequent treatment in 2001 as well as Plaintiff's admission that she had discontinued her medication as of November 29, 2001. This evidence undercuts Plaintiff's allegation of disabling impairment. If Plaintiff contends that certain notes were ignored by the ALJ, this, too, is not persuasive. The ALJ is charged with the task of reviewing the evidence as a whole. Here, the Court finds that the ALJ properly performed his role of fact finder. The Court finds no error in his consideration of the evidence.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 3rd day of January, 2007.

HENRY R. WILHOIT, JR.
SENIOR U. S. DISTRICT JUDGE